ISABEL A. HOLMES, Respondent, v. EGBERT B. SEAMAN, Appellant.

SAME, Respondent, v. SAME, Appellant.

1. NEW YORK PRODUCE EXCHANGE — BENEFICIARIES' INTEREST IN GRATUITY FUND ASSIGNABLE AS SECURITY FOR SUMS ADVANCED TO PAY DUES AND ASSESSMENTS. Under a by-law of the New York Produce Exchange, relating to the gratuity fund established pursuant to chapter 36 of the Laws of 1882, which provided that "Nothing herein contained shall be construed as constituting any estate *in esse* which can be mortgaged or pledged for the payment of any debts; but it shall be construed as the solemn agreement of every subscribing member of the New York Produce Exchange to make a gift to the family of each deceased member, and of the exchange to collect and pay over to the family the said gift," while the interest of beneficiaries in such fund cannot be assigned in payment or to secure the payment of a debt having no relation to such fund and in nowise incurred for the purpose of keeping alive their interests in the fund, it is assignable, however, as security for the repayment of such moneys as may be paid by another to keep alive such interests, and without which they must have been absolutely destroyed.

2. SAME. Where the family of a member assigned their interest in the fund to secure his pre-existing personal indebtedness and also "all further sums" which the assignee should during the lifetime of the member pay to the Exchange for "dues or assessments" upon his certificate, and for several years they were paid by the assignee, in an action to determine the title to the fund as between him and the beneficiary, *held*, that the assignment was ineffectual as security for the former indebtedness, but was effectual as to the sums advanced for the dues and assessments necessary to keep the interest of the beneficiary alive.

*Holmes* v. *Seaman*, 99 App. Div. 624, reversed.

(Argued March 6, 1906; decided April 17, 1906.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 4, 1905, affirming a judgment in favor of plaintiff entered upon the report of a referee. The actions were tried together by consent and the evidence is the same in both.

The first of these actions is brought to recover the sum of $2,500.00, and the second to recover the sum of $6,798.34, which the plaintiff alleges that she was induced to pay to the defendant by wrongful acts and representations on his part and without consideration.

In 1886 the plaintiff's father, John A. Holmes, and the defendant were members of the New York Produce Exchange and subscribers to its gratuity fund. Holmes was indebted to the Oriental Bank in the sum of $2,350.00 and the bank held his certificate of membership in the Produce Exchange as security for the loan. The defendant loaned Holmes sufficient money wherewith to pay that indebtedness and Holmes transferred to the defendant his certificate of membership. Thereafter, from 1886 until 1891, the defendant paid to the New York Produce Exchange in behalf of Holmes his yearly dues and the assessments called for by the trustees of the gratuity fund. The value of the membership certificate had declined in that period to such an extent that the defendant deemed it doubtful security for the indebtedness and he thereupon suggested to Holmes that he should be further secured by a transfer of the interest in ten thousand dollars ($10,000.00) which under the by-laws of the Produce Exchange would be payable out of the gratuity fund to the wife and daughter of Holmes upon his death. Thereupon, under date of April 13th, 1891, an instrument was executed by the wife of Holmes (since deceased) and his daughter (the plaintiff herein) whereby they assigned to the defendant " so much of our respective right, title, interest, claim and demand in, to and over any and all moneys that may hereafter become or grow due or owing to us or either of us from the said New York Produce Exchange, its Trustees or Managers, or from the trustees of

the gratuity fund of the said Exchange by reason of our being respectively the wife and daughter of the said John A. Holmes " as should be necessary to repay to the defendant the sum of $3,614.00 (representing the Oriental Bank debt) with interest, "and all further sums which he, the said Egbert B. Seaman, shall, during the lifetime of the said John A. Holmes, pay to the said Produce Exchange or the Trustees of the gratuity fund thereof for dues or assessmnts " upon Holmes' certificate.

For nearly ten years after the execution of this instrument, namely, up to March 31st, 1901, when Holmes died, the defendant paid the dues upon his certificate and the assessments against him on account of the gratuity fund. Meantime the wife of Holmes had died. On April 5th, 1901, the defendant procured the daughter (the plaintiff herein) to execute another instrument purporting to transfer to him such moneys due or to grow due to her from the New York Produce Exchange by reason of her being the daughter of John A. Holmes, deceased, as might be sufficient to pay to him the sum of $3,614.00 for borrowed money mentioned in the instrument of April 13th, 1891, and also the further sum of $2,014.00 for dues or assessments and interest thereon from the date upon which the various dues and assessments were paid by Holmes.

Upon these two instruments the defendant obtained $2,500.00 from the New York Produce Exchange. There remained payable on account of the interest of Holmes in the gratuity fund $6,823.34. The defendant claimed to be entitled to receive this balance, or a large portion thereof, by reason of the advances made by him during the lifetime of Holmes to keep alive his membership in the exchange and his interest in the gratuity fund. The New York Produce Exchange paid the money into court to await the determination of this controversy as to the rights of the respective claimants. The plaintiff seeks in these actions to recover as against the defendant the $2,500.00 already paid to him out of the gratuity fund and to establish her title to the balance thus paid into court.

The actions were tried together before a referee, who found the facts substantially as hereinbefore stated, and found further that the first instrument or assignment of April 13th, 1891, was signed and delivered by the plaintiff in ignorance of her rights, and that the assignment or instrument of April 5th, 1901, was procured by representations and conduct on the part of the defendant which were calculated to and did mislead and deceive the plaintiff. He further found as conclusion of law that the first assignment of April 13th, 1891, was void and that the second assignment of April 5th, 1901, was voidable at the election of the plaintiff, and he directed judgment, and judgment was entered in action No. 1 for the recovery of $2,500.00 with interest, and, in action No. 2, declaring that the defendant had no claim upon and was not entitled to the balance of the gratuity fund paid into court by the New York Produce Exchange. These judgments have been affirmed by the Appellate Division by a divided court.

*Albert Stickney* for appellant. The first assignment, as to which there is no charge of fraud, made by plaintiff and her mother to secure past and future advances, 'followed by advances made on the faith thereof, which were used to preserve the existence of the entire interest in the gratuity fund, operated as an equitable assignment of that interest when the same should become payable to the plaintiff, so far as was necessary to repay the advances. (*Kimball* v. *Lester*, 43 App. Div. 27; affd., 167 N. Y. 570; *Dexter* v. *Supreme Council*, 97 App. Div. 545; *Webster* v. *Welch*, 57 App. Div. 558; *McCord* v. *McCord*, 40 App. Div. 425.) The assignment being, in terms, of all " moneys " that may hereafter become or grow due, constituted in equity a specific appropriation of the moneys constituting the fund, when they should become ascertained and payable under the by-laws of the Produce Exchange. (*Field* v. *Mayor*, 6 N. Y. 179; *Stover* v. *Eycleshimer*, 3 Keyes, 620; *Hirsh* v. *Auer*, 146 N. Y. 13.) The first assignment being enforceable in equity, the charge of

fraud as to the second assignment, which in its fullest extent consists of a charge that the defendant insisted on the validity of the first assignment, becomes of no effect. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Brackett* v. *Griswold*, 112 N. Y. 454; *Henry* v. *Henry*, 8 Barb. 588.) A separate and distinct ground for refusing the plaintiff any equitable relief is found in the fact that the plaintiff refuses to do equity, in that she seeks to deprive the defendant of any and all interest in the fund which owes its existence to the advances made by him on the faith of the original assignment, as to which no fraud is alleged. (*Gould* v. *Cayuga Bank*, 86 N. Y. 75; *Graham* v. *Meyer*, 99 N. Y. 611; *McQuiddy* v. *Ware*, 20 Wall. 14; *Thomas* v. *B., etc., R. R. Co.*, 109 U. S. 522.)

*George W. Weiffenbach* for respondent. The so-called first assignment is inherently void. (*McCord* v. *McCord*, 40 App. Div. 275; *Eadie* v. *Slimmon*, 25 N. Y. 9; *Barry* v. *E. Life Ins. Co.*, 59 N. Y. 587; *Barry* v. *Brune*, 71 N. Y. 261; *Brummer* v. *Cohn*, 86 N. Y. 11; *Smillie* v. *Quinn*, 90 N. Y. 492; *Baron* v. *Brummer*, 100 N. Y. 372; *Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266; *Brick* v. *Campbell*, 122 N. Y. 357; *Bull* v. *Case*, 165 N. Y. 578.) The equities are against defendant. (1 Pom. Eq. Juris. [2d ed.] §§ 403, 404.)

WILLARD BARTLETT, J. The gratuity fund of the New York Produce Exchange was established pursuant to chapter 36 of the Laws of 1882, which authorized the corporation to make provision for the widows and families of deceased members, and provide for an assessment of such sum as should be fixed in the by-laws of the corporation upon the death of any member, which sum or such proportion thereof as the by-laws might provide, and such proportion of the surplus income of the corporation as the by-laws might provide, might be paid to the widow, children, next of kin or other persons dependent upon said deceased member, in such manner as the by-laws should prescribe.

Among the by-laws relating to the gratuity fund estab-

lished under the authority of this statute, was the following : "Nothing herein contained shall be construed as constituting any estate *in esse* which can be mortgaged or pledged for the payment of any debts, but it shall be construed as the solemn agreement of every subscribing member of the New York Produce Exchange to make a gift to the family of each deceased member, and of the exchange to collect and pay over to the family the said gift."

The language of this by-law is such as to constitute a clear and unmistakable prohibition against the assignment or pledge by the beneficiaries of any interest in the gratuity fund of the New York Produce Exchange in payment or to secure the payment of a debt having no relation to such fund and in no wise incurred for the purpose of keeping alive the interest of the beneficiaries in such fund. So far, therefore, as the first assignment assumed or purported to charge the interest of the plaintiff in the gratuity fund with any liability on account of the debt to the Oriental Bank of $3,614.00 owing by Holmes to the Oriental Bank and paid by the defendant, together with the interest thereon, that assignment was ineffectual, and to that extent the referee was right in adjudging it to be void.

In the same instrument, however, and wholly irrespective of the contents of the second assignment, the plaintiff expressly authorized and empowered the New York Produce Exchange, its trustees and managers, or the trustees of the gratuity fund, to pay over to the defendant not only the said sum of $3,614.00 with interest thereon, but "such further sums of money as he, the said Egbert B. Seaman, shall or may pay to the said Produce Exchange or the Trustees of the gratuity fund thereof, hereafter, for or on account of dues or assessments upon the said certificate, together with interest on each of such payments from the date thereof," and the principal question presented upon this appeal, in the view which we take of the controversy, is whether or not this portion of the instrument was effectual to constitute a legal charge or lien upon the plaintiff's interest in the gratuity fund to the extent of the

sum paid out by the defendant to the Produce Exchange upon the faith of the instrument and for the purpose of keeping the plaintiff's interest in that fund alive.

The referee has answered this question in the negative on the authority of *McCord* v. *McCord* (40 App. Div. 275). In that case the assignment was made during the life of the member of the Produce Exchange by his wife, who was the sole beneficiary of the fund, and the husband joined in the assignment. The instrument was executed to secure the plaintiff for advances made or to be made, and the evidence tended to show that the plaintiff made advances upon the faith of the assignment partly for the support of the member and his wife and partly to pay assessments imposed upon the member under the gratuity plan. The Appellate Division held that the member's interest in the gratuity fund was not thus assignable, and Mr. Justice BARRETT, who wrote the opinion of the court, quoted the language of CULLEN, J., in *Kemp* v. *New York Produce Exchange* (34 App. Div. 175), where he said: "The by-laws provide, in express terms, that nothing therein contained shall be construed as constituting any interest which can be mortgaged or pledged for the payment of any debt. Equally it was incapable of assignment. It was the intention to create provision for the family of the deceased member, which should be beyond the hazard of loss from pecuniary misfortune."

So far as the *McCord* case decides that a beneficial interest in the gratuity fund of the New York Produce Exchange could not be assigned as security for a pre-existing debt, and that no valid charge could be made thereon for any future indebtedness outside of payments necessary to keep alive the interest of the beneficiaries in the fund, we think that the decision was correct. We are unable to approve it, however, so far as it denies to a beneficiary in the gratuity fund the power to charge his interest with the repayment of such amounts of money as may be paid by another to maintain that interest in existence, and without which payments it must have been absolutely destroyed.

To hold that this may not be done would be to defeat the manifest purpose of the by-laws, as expressed by Mr. Justice Cullen in *Kemp* v. *New York Produce Exchange* (*supra*), where he declared it to be the intention to create a provision for the family of a deceased member which should be beyond the hazard of loss from pecuniary misfortune. Take the case of the wife or child of a member of the exchange who had paid his dues and assessments for years and suddenly found himself unable to pay them any longer. The wife or child is equally destitute. None of the parties in interest has any means whereby to provide for the payment of the assessments, without which the right of the wife or child to receive anything whatever from the gratuity fund will at once cease and determine. If the provision in the by-laws against any assignment is deemed to be a prohibition against creating a charge upon the beneficial interest which will reimburse a third party for advances made to prevent its destruction, then under such circumstances all that has been paid by the member during his lifetime will go for naught, and the widow or orphan will be left penniless. A construction which will have this effect should not be adopted unless it is the only construction of which the by-law is capable. Taking into consideration the plain object in view in the establishment of the gratuity fund and the enactment of the by-law, we think it must be held to warrant and justify the creation of such a charge as was made upon it by the execution of the first assignment in this case.

The referee's finding to the effect that this assignment was signed and delivered by her in ignorance of her rights does not import any fraud or misrepresentation in fact, but is plainly based upon the proposition, which we deem erroneous, that the instrument was ineffectual in law. As we regard this first instrument as amply sufficient of itself to charge the plaintiff's interest in the gratuity fund with the sum thereafter paid out by the defendant to keep it alive, the circumstances under which the second assignment was obtained become wholly immaterial. Upon the evidence in the two

cases the defendant was entitled to receive out of the plaintiff's interest in the gratuity fund the aggregate of all the amounts paid by him after the execution of the assignment on account of dues upon Holmes' certificate of membership and the assessments against Holmes on account of the gratutity fund with interest upon such payments from the dates at which they were made. He was not entitled to receive anything on account of the debt of Holmes paid to the Oriental Bank or interest thereon. The whole of the amount payable out of the gratuity fund on account of Holmes' membership was payable to the plaintiff less the sum heretofore mentioned as due to the defendant on account of the amounts paid by him to save the plaintiff's interest. ·

The judgment in each action should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment reversed, etc.